# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| HALIE SIMIEN | Civil Action No. 6:21-3135 |
| versus | Judge Summerhays |
| ROYAL FREIGHT, LP, ET AL. | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Pending before the undersigned is the Motion for Leave to File First Supplemental and Amending Complaint [Doc. 10] filed by the plaintiff, Halie Simien. The motion is opposed by defendants Royal Freight, LP, Knight Specialty Insurance Company, and Miguel A. Leon [Doc. 16], and plaintiff filed a Reply brief [Doc. 19]. For the following reasons, it is RECOMMENDED that the motion to amend be GRANTED.[1]

---

[1] Although the motion pending before the Court is not one typically handled by Report and Recommendation, because the undersigned finds that the motion to amend should be granted, remand of the matter to state court is required. As such, the instant ruling is dispositive, and according to Fifth Circuit precedent, should be adjudicated vis-à-vis a Report and Recommendation rather than a ruling. See, e.g., *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763–64 (5th Cir. 2016) ("Allowing magistrate judges to enter remand orders at a minimum approaches the constitutional line because 'a remand order is dispositive insofar as proceedings in the federal court are concerned' and thus is 'the functional equivalent of an order of dismissal.'").

## Factual Background

The instant lawsuit arises out of an automobile accident that occurred on August 7, 2020. The plaintiff, Ms. Simien, was a guest passenger in a car being driven by Oshermaine Thomas. The vehicle in which the plaintiff was riding was involved in an accident with an eighteen-wheeler owned by defendant Royal Freight, LP and operated by defendant Miguel Leon. The eighteen-wheeler was insured by defendant Knight Specialty Insurance Company.

On July 30, 2021, the plaintiff filed the instant lawsuit in Louisiana state court, naming Miguel Leon, Knight Specialty Insurance Company, and Royal Freight as defendants. She also named her uninsured/underinsured motorist carrier, Progressive Paloverde Insurance Company, as a defendant. On August 27, 2021, Leon, Knight Specialty Insurance Company and Royal Freight removed the matter to this Court, asserting diversity jurisdiction as the jurisdictional basis [Doc. 1]. Progressive consented to the removal. On September 7, 2021, the removing defendants filed their Answer to the plaintiff's petition, denying all responsibility for the accident and asserting that Oshermaine Thomas was solely at fault.

In the instant motion, plaintiff wishes to amend her petition to assert claims against Mr. Thomas, who is a resident of and domiciled in Evangeline Parish,

Louisiana. Adding Mr. Thomas to the lawsuit will destroy this Court's subject matter jurisdiction and require remand to state court. For this reason, the removing defendants oppose the motion; however, Progressive Insurance does not oppose the motion.

### Law and Analysis

A court must scrutinize an amendment that would add a non-diverse party more closely than an ordinary amendment under Rule 15(a)." *Short v. Ford Motor Co.,* No. 93–8626, 21 F.3d 1107, 1994 WL 171416, at *5 (5th Cir. 1994) (per curiam), *citing Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987); *see Tujague v. Atmos Energy Corp.,* 2008 WL 489556, at *1 (E.D.La. Feb.20, 2008) ("[W]hen an amendment would destroy diversity the court should scrutinize that amendment more closely than an ordinary amendment."). If diversity was the only basis for the court's subject-matter jurisdiction and a district court permits joinder of a nondiverse defendant, it must remand the case to the state court. *See Cobb v. Delta Exports, Inc.,* 186 F.3d 675, 677 (5th Cir.1999) (citing 28 U.S.C. §1+447(e)); *Lindsay v. Ford Motor Co.,* 41 F.3d 664, 1994 WL 684970, at *4–5 (5th Cir. 1994) (per curiam) (citing 28 U.S.C. §1447(e)). "A motion for leave to amend to add a nondiverse party whose inclusion would destroy diversity and divest the court of jurisdiction is governed by 28 U.S.C. §1447(e), not Rule 15(a)."

3

*Arthur v. Stern,* 2008 WL 2620116, at *3 (S.D.Tex. June 26, 2008) (citing, among others, *Tillman v. CSX Transp., Inc.,* 929 F.2d 1023, 1029 (5th Cir.1991), and *Whitworth v. TNT Bestway Transp. Inc.,* 914 F.Supp. 1434, 1435 (E.D.Tex.1996)). "A party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action." *Whitworth,* 914 F.Supp. at 1435.

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In determining whether to allow joinder of a party under section 1447(e), a district court examines the factors set out in *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir.1987), and does not apply the 'freely given' standard of Rule 15(a). *Arthur,* 2008 WL 2620116, at *4 (citing *Tillman,* 929 F.2d at 1029 & n. 11; *Tujague v. Atmos Energy Corp.,* 2008 WL 489556, at *1–2 (E.D.La. Feb.20, 2008); *Dumas v. Walgreens Co.,* 2007 WL 465219, at * 1 (N.D.Tex. Feb. 13, 2007)).

In *Hensgens,* the Fifth Circuit stated that in balancing the original defendant's interest in maintaining the federal forum against the competing interest in avoiding multiple and parallel litigation, a court considers: (1) "the extent to

4

which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether [the] plaintiff has been dilatory in asking for amendment"; (3) "whether [the] plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." 833 F.2d at 1182. The balance does not hinge on "a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Id.; see also Mayes v. Rapoport,* 198 F.3d 457, 462 (4th Cir.1999) (stating that joinder of nondiverse parties is "committed to the sound discretion of the district court" under §1447(e) and "thus, this decision is not controlled by a Rule 19 analysis"). In conducting the *Hensgens* analysis, the district court, with input from the defendant, should balance the equities and decide whether amendment should be permitted. *Mallery v. Becker*, 2014 WL 60327, at *2 (W.D. La. Jan. 7, 2014). If it permits the amendment to add the non-diverse defendant(s), it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction. *Id.*

In the instant matter, granting Simien's motion for leave to amend to join Mr. Thomas would destroy diversity and this court's subject-matter jurisdiction. The analysis therefore requires an application of the standard set forth in *Hensgens.*

**Factor 1 -- the extent to which the purpose of the amendment is to defeat federal jurisdiction**

Under the first *Hensgens* factor, the Court must determine whether the purpose of the amendment is to defeat federal jurisdiction. In evaluating this factor, the undersigned is guided by two district court decisions with substantially similar facts. In *Mallery v. Becker*, 2014 WL 60327 (W.D. La. Jan. 7, 2014) and *Staten v. Guardiola*, 2019 WL 2396956 (W.D. La. June 5, 2019), the plaintiffs were passengers in a vehicle which was involved in an accident with another vehicle. In those suits, the plaintiffs sued the drivers of the other vehicles as well as their insurers in state court, and the defendants removed the cases based on diversity jurisdiction. In both cases, the defendants then filed their Answers in the federal court cases, asserting the fault of the drivers of the plaintiffs' vehicles and, based upon the defendants' allegations, plaintiffs sought to amend their petitions to assert claims against either the drives of their own vehicles, or the insurers of those drivers. The defendants' responses to the attempts to amend were similar to those asserted here, and those responses were rejected.

Specifically, in *Mallery*, the removing defendants argued that the plaintiff should not be permitted to add the driver of the vehicle in which she was riding, because that individual was known to the plaintiff her at the time she filed her petition in state court. 2014 WL 604327 at *2. The court rejected this argument,

explaining that "[i]t was not until the comparative fault issue was raised by the Progressive in its answer that the plaintiff sought to amend the pleadings." *Id.* The court went on to state:

> The allegation of Felton Mallery's fault does, however, serve to put the plaintiff on notice that Progressive/Becker would seek to reduce the plaintiff's recovery at trial to the extent of the fault attributed to the 'empty chair' tortfeasor. This Court finds no indication that the plaintiff's motion to amend was motivated by a desire to avoid federal jurisdiction, but was a reaction to the third party fault defense asserted by Progressive/Becker.
>
> [ . . . ]
>
> Applying these statutory provisions to the facts before the Court, it cannot be said that Plaintiff seeks to add an improper defendant to this litigation. In fact, she seeks to add the only viable defendant she could, her spouse's insurer. Therefore, this Court concludes that the claims sought to be presented in the proposed amended pleading are viable and valid claims. Although the claims could have been reasonably anticipated by the plaintiff, this Court concludes that it was reasonable to assume that liability was not being contested until the fault of Felton Mallery was put at issue by the defendants and the proposed amendment is not sought solely in an effort to defeat diversity.  Thus, the first *Hensgens* factor weighs in favor of permitting amendment.

*Id.* at \*3-4.  *Accord Staten v. Guardiola*, 2019 WL 2396956, at \*3 (W.D. La. Apr. 15, 2019), *report and recommendation adopted*, 2019 WL 2399741 (W.D. La. June 5, 2019) (court found the *Hensgens* factors favored allowing the plaintiff's proposed amendment to add the driver of her vehicle, which destroyed diversity and required remand of the matter, where plaintiff did not attempt to add the

7

non-diverse driver until the defendants invoked the non-diverse driver's comparative fault).

In the instant case, the plaintiff has adequately explained that she did not name Mr. Thomas as a defendant until the defendants filed their Answer, alleging the fault of Mr. Thomas for the accident. As the plaintiff correctly notes, Louisiana Civil Code Article 2323(A) provides that the percentage of fault of all persons causing or contributing to an accident shall be determined, regardless of whether the person is a party to the action or a non-party. *See, e.g., Dumas v. State ex rel. Dept. of Culture, Recreation & Tourism*, 828 So.2d 530 (La. 2002) (fault had to be attributed to both defendant whose pothole caused accident and non-party healthcare providers who treated the plaintiff). Thus, if the plaintiff does not join Mr. Thomas as a defendant, and the defendants are successful in their defense of comparative fault, the plaintiff's recovery of damages could be compromised.

Thus, considering that the plaintiff has adequately explained that her reason for seeking to amend her complaint is not for the purpose of defeating diversity jurisdiction, but has been filed to protect her potential recovery, the undersigned finds that the first factor favors amendment.

**Factor 2 – Was the plaintiff dilatory?**

Under the second *Hensgens* factor, the Court must consider whether the plaintiff was dilatory in seeking amendment. Here, reference to *Mallery* and *Staten* is again helpful. In *Mallery*, the court allowed the amendment where the plaintiff moved for it twenty-seven days after the defendants filed their answer, 2014 WL 60327 at *4; in *Staten*, the plaintiff moved to file her motion nineteen days after the defendants answered, 2019 WL 2396965 at *2. In the instant case, the plaintiff filed her motion <u>nine days</u> after the defendants filed their answer asserting the fault of the plaintiff's driver.

Thus, based on a review of the jurisprudence, and further considering that the plaintiff sought to amend her complaint less than two weeks after the defendants alleged the comparative fault of Mr. Thomas, the undersigned concludes that the plaintiff was not dilatory in seeking to add a non-diverse party as a defendant.

**Factor 3 – Would the plaintiff be injured if amendment is not allowed?**

Under this factor, the Court must consider whether the plaintiff will be significant prejudiced if the amendment is not allowed. If the court denies the plaintiff leave to add Mr. Thomas as a defendant, the defendants will be able to point to an empty chair at trial and ask the jury to assign a percentage of fault to

that person, who is not participating in the trial, which will reduce the plaintiff's recovery by that percentage. If the court allows the amendment, the case will have to be remanded, but Mr. Thomas (and presumably his insurer) will be there to defend the allegations against him and answer in damages for any percentage of fault assigned to him. *See, e.g., Mallery*, 2014 WL 60327 at *4; *Staten*, 2019 WL 2396956 at *4. Furthermore, if amendment is not allowed in this matter, the plaintiff could be forced to litigate her case in a piecemeal fashion if she must bring a separate claim against Mr. Thomas in state court. Accordingly, Ms. Simien will face potential prejudice or injury if she is not permitted to amend her complaint in these circumstances, where a defendant has specifically alleged that Mr. Thomas should bear a percentage of fault.

For these reasons, this factor weighs in favor of allowing the amendment.

**Factor 4 – Other factors bearing on the equities**

The fourth and final *Hensgens* factor includes consideration of the original defendants' right to litigate in the federal forum. The Court must balance the original defendant's interest in maintaining a federal forum with the competing interest in avoiding potentially parallel litigation. Here, the claims against the defendants are based on state law, and there is no reason to anticipate that the state court would not or could not make fair determinations on the matters at issue.

Furthermore, the case is in the early stages of discovery, and there are no dispositive motions pending.

Consequently, in balancing the equities in this case, the Court concludes that the prejudice to the plaintiff associated with piecemeal litigation should the amendment be denied would be greater than the potential prejudice to the defendants should the amendment be permitted. Thus, the Court concludes that the equities weigh in favor of permitting the amendment.

## Conclusion

For the reasons discussed herein, IT IS RECOMMENDED that the Motion for Leave to File First Supplemental and Amending Complaint [Doc. 10] filed by the plaintiff be GRANTED, and that this matter be REMANDED to the 13th Judicial District Court for the Parish of Evangeline, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. §636(b)(1).

Thus done and signed this 20th day of October, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE